Filed 6/23/15  P. v. Miles CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>           v.<br><br>ROBERT FITZGERALD MILES,<br><br>      Defendant and Appellant. | F068177<br><br>(Super. Ct. No. F12909239)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before, Levy, Acting P.J., Detjen, J. and Franson, J.

After denial of his motion to suppress evidence of a parole search, defendant Robert Fitzgerald Miles was convicted by jury trial of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). On appeal, he contends the trial court erred in denying his motion to suppress because the parole search was not random, but arbitrary and capricious. We disagree and affirm.

## BACKGROUND

On November 10, 2012, at about 8:30 p.m., Officer Logue was on duty with his partner, Officer Kraft. They were doing a parole compliance check at the Parkland Hotel in Fresno. The hotel was commonly used to house parolees and it was in a high crime area. In preparation for the compliance check, the officers checked the parole database for parolees living at the Parkland Hotel. Multiple parolees came up and the officers randomly picked defendant. Then they checked another system and confirmed that he was on active parole. They also learned that he was being monitored by a GPS ankle monitor. The officers went to the hotel and contacted the clerk. They verified that defendant was leasing a particular room.

Officer Logue testified that he did not have defendant under surveillance before the search, nor was he aware that defendant had broken any rules. He did not conduct parole searches of defendant on a daily basis. In fact, he did not recall ever contacting defendant before. This was a random parole search.

Officer Kraft had conducted other parole searches at the hotel and had found parolees committing crimes. He believed approximately 75 parolees lived at the hotel at the time the officers searched defendant. Officer Kraft had never contacted defendant before. There was nothing in particular about defendant's name that caused the officers to investigate him further. They did not focus on defendant for any particular reason. When they approached his room, they saw him in the presence of two other people. They did not see him engaging in criminal activity. The officers were simply conducting a parole compliance check.

2.

After hearing this evidence, the trial court determined that, according to case law, a random parole compliance check is not arbitrary, capricious, or harassing. Moreover, defendant's GPS monitoring even further reduced his expectations of privacy. The court denied the motion to suppress.

## DISCUSSION

"The standard of appellate review of a trial court's ruling on a motion to suppress is well established. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

Penal Code section 3067, subdivision (b)(3) provides that parolees must be advised they are "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause." In *Samson v. California* (2006) 547 U.S. 843 (*Samson*), the Supreme Court held that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." (*Id.* at p. 857.) The court reasoned that a parolee remains in the custody of correctional authorities during the remainder of the parolee's prison term and must comply with the terms and conditions of parole. (*Id.* at p. 850.) The California parole search condition pursuant to Penal Code section 3067 required the parolee to submit to a search by a parole officer or police officer at any time without suspicion. (*Samson, supra,* at p. 852.) Under the circumstances, the parolee did not have an expectation of privacy that society would recognize as legitimate. (*Ibid.*)

The *Samson* court found, by contrast, that the State's interests in supervising parolees and reducing recidivism were substantial. Statistics showed that parolees were likely to commit future crimes, and most parolees required intense supervision to combat recidivism and promote positive citizenship. (*Samson, supra,* 547 U.S. at pp. 853-854.)

3.

Imposing a reasonable suspicion requirement on parole searches would give parolees greater opportunity to anticipate searches and conceal their criminal activity. (*Id.* at pp. 854-855.)

Citing *People v. Reyes* (1998) 19 Cal.4th 743 (*Reyes*), the *Samson* court noted: "The concern that California's suspicionless search system gives officers unbridled discretion to conduct searches, thereby inflicting dignitary harms that arouse strong resentment in parolees and undermine their ability to reintegrate into productive society, is belied by California's prohibition on 'arbitrary, capricious or harassing' searches." (*Samson, supra,* 547 U.S. at p. 856.)[1]

In *Reyes, supra,* 19 Cal.4th 743, the court explained that the purpose of a parole search is to deter crime and protect the public, "and the effectiveness of the deterrent is enhanced by the potential for random searches." (*Id.* at p. 753.) But the court recognized that a parole search may be arbitrary, capricious, or harassing if it is made too often or at an unreasonable hour, if unreasonably prolonged, or if made under other circumstances amounting to arbitrary or oppressive conduct by searching officers. (*Id.* at pp. 753-754.) For example, a search is arbitrary when its motivation is unrelated to rehabilitative, reformative, or legitimate law enforcement purposes, or when the search is motivated by personal animosity toward the parolee. (*Id.* at p. 754.)

Here, the record establishes that the search of defendant was a random parole search. Both officers testified that defendant's name was randomly chosen from the 75 or so parolees living at the hotel by using a parolee database. Officers conducted parole compliance searches at the hotel, but neither officer in this case had conducted a search of defendant in the past. They did not suspect him of committing a crime when they decided to search him. They were simply checking for parole compliance.

---

**1** The court also noted that Penal Code section 3067, subdivision (d) provides: "It is not the intent of the Legislature to authorize law enforcement officers to conduct searches for the sole purpose of harassment." (*Samson, supra,* 547 U.S. at p. 856.)

Furthermore, although defendant argues that the trial court should not have accepted the officers' portrayal of the search as random, there is nothing in the record to suggest that the search was motivated by personal animosity, an intent to harass, or any other improper purpose.  There is likewise no evidence in the record that the search was performed at an unreasonable hour, was unreasonably prolonged, or was otherwise arbitrary or oppressive.  We accept the trial court's determination that the search was random because the finding was supported by substantial evidence.  (*People v. Glaser, supra,* 11 Cal.4th at p. 362.)

Accordingly, we conclude the search was reasonable.  The trial court did not err in denying the suppression motion.

## DISPOSITION

The judgment is affirmed.